IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE LaPETER 1985 LIVING TRUST, ALFRED R. LaPETER and SHARON R. LaPETER, Trustees,<br><br>        Plaintiffs,<br><br>   v.<br><br>CANADA LIFE ASSURANCE CO., a Canadian Corporation,<br><br>        Defendant. | Case No. CV-07-228-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Canada Life's Motion to Dismiss (Docket No. 10). The Court heard oral argument on the motion on August 28, 2007. At that point, the parties and the Court agreed that the parties would attempt to resolve the matter without a Court decision on the motion. However, the parties subsequently informed the Court that they were unable to resolve the matter without a decision. Accordingly, the Court issues the following decision.

## BACKGROUND

In 1996, the LaPeter 1985 Living Trust ("LaPeter") obtained a loan, secured by a deed of trust on a property know as the ParkCenter Mall, from Crown Life

Insurance Company.  Crown Life assigned the loan and deed of trust to Canada Life Assurance Company ("Canada Life Assurance").  In 2005, LaPeter sought to refinance the loan through Canada Life Insurance Company of America ("Canada Life of America").  That loan fell through, and LaPeter filed suit against Canada Life of America for breach of contract.

In 2006, the loan matured, and LaPeter failed to pay off the loan in full.  Canada Life Assurance therefore began foreclosure proceedings on the ParkCenter Mall.  LaPeter then filed this action seeking a preliminary injunction to prevent the sale of the ParkCenter Mall.  The foreclosure sale was initially set for July 25, 2007, but the parties agreed to postpone it to a date uncertain to the Court.

In August, 2007, this Court granted summary judgment in favor of Canada Life of America and dismissed LaPeter's breach of contract case in its entirety. On August 28, 2007, the Court denied LaPeter's request for a TRO.

## STANDARD OF REVIEW

A complaint should not be dismissed pursuant to F.R.C.P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.  See *Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 784 (9th Cir. 1996).  When addressing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Id.* at 783-84.

## ANALYSIS

LaPeter's request for a preliminary injunction was based on its assertion that Canada Life of America breached its contract to refinance the loan on the Park Center Mall.  Earlier, based on the Court's decision to grant summary judgment in favor of Canada Life of America and dismiss LaPeter's related breach of contract case in its entirety, the Court denied LaPeter's request for a TRO and/or preliminary injunction in this case.  *See e.g.*, *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 913-14 (9th Cir. 1995) (Ninth Circuit concluded that the summary judgment dismissal of the plaintiff's claims constituted a finding that there was no likelihood of success on the merits, necessitating denial of injunctive relief).

In turn, the Court will also grant Canada Life Assurance's motion to dismiss.  Although, on a Rule 12(b)(6) motion to dismiss, the Court must accept LaPeter's allegations in the Complaint as true and construe them in the light most favorable to LaPeter, *see Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002), LaPeter has no claim for relief.  LaPeter's Complaint seeks only injunctive relief based on a contention that it will be irreparably harmed if the sale of the property proceeds without a full and final adjudication of LaPeter's claims against Canada Life of America in the related matter.  The Court's judgment in favor of Canada Life of America in that matter leads ineluctably to the conclusion that LaPeter can prove

no set of facts in support of his claim which would entitle him to relief in this case. See *Smilecare*, 88 F.3d at 784 (9th Cir. 1996). Accordingly, the Court will grant Canada Life Assurance's motion to dismiss and dismiss this case in its entirety.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Canada Life's Motion to Dismiss (Docket No. 10) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED:  **September 28, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge